WADE, N.K.A. ZIMMERLY, APPELLANT, *v.* WADE, APPELLEE.

(No. 1854—Decided July 20, 1983.)

*Mr. Robert N. Gluck,* for appellant Roberta D. Wade.

*Mr. David L. Winner,* for appellee Fred C. Wade.

GEORGE, J. The parties were granted a dissolution in 1976; there were three children the issue of their marriage. Roberta and Fred returned to court for several motion hearings throughout the following six years.

Prior to a hearing scheduled for May 24, 1982, Roberta and Fred entered into an agreement between themselves and without the benefit of consultation with their respective attorneys. This agreement provided that Fred would have physical custody of Tiffanie, born July 21, 1973, with the provision that Tiffanie would return to her mother when she expressed a desire to return to live with her mother.

At the May 24 hearing, Fred requested that the record reflect the change in custody of Tiffanie. Roberta acknowledged the change in custody, and the referee's report and recommendation included that change. The report was adopted and journalized by the court on August 17, 1982.

Between May 24, 1982 and August 17, 1982, Roberta learned indirectly that Tiffanie wanted to come back to live with her. Sometime after August 17, physical custody of Tiffanie was changed back to Roberta. On August 20, Roberta filed a motion to set aside the August 17, 1982 judgment granting custody of Tiffanie to Fred.

On November 4, 1982, the referee held a hearing on Roberta's motion for change of custody and to vacate the prior order of the court. The referee recognized that the parties *intended* to transfer only physical custody, leaving legal custody with Roberta. However, the referee concluded that such intention was not controlling.

The referee found that the motion to vacate the custody order under Civ. R. 60(B) was not well-taken. The referee concluded that the standards for relief, as set forth in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], were not present.

The referee further found that there was no showing of a substantial change in circumstances warranting a change in custody under R.C. 3109.04. Although Tiffanie had expressed a desire to live with her mother, the referee found such declaration to be insufficient to meet the specific condition of a change in circumstances as contemplated under R.C. 3109.04. The court subsequently adopted the referee's recommendation.

It is from this judgment that Roberta brings her appeal. She has presented three assignments of error.

Assignments of Error Nos. 1 and 2

"1. A motion pursuant to Rule 60(B) to vacate a judgment entry by consent is improperly overruled when it appears that the entry from which relief is sought does not accurately reflect what the parties intended or when one party is honestly mistaken as to the nature of the consent.

"2. Prejudicial error is committed when a party is required pursuant to a motion for relief under Civil Rule 60(B) to also show compliance with [R.C.] 3109.04."

In considering Roberta's motion to vacate, the trial court was permitted to look behind the order of May 24 to determine its propriety. There is no dispute that *the parties understood* once Tiffanie expressed her desire to return to her mother she would be permitted to do so. The court recognized this understanding and the intentions of the parties, but found that the intention was not controlling.

When reasonable people could conclude differently as to whether or not the intention of the parties should be controlling upon the award of custody, a decision one way or the other cannot be said to be an abuse of discretion. The referee properly found the underlying basis of the Civ. R. 60(B) motion to be the intentions

of the parties, and his determination as to the legal significance of their intentions was dispositive of the motion in general. No abuse of discretion has been demonstrated either as to the recommendation by the referee, that the motion to vacate should be denied, or by the trial court, in approving the referee's findings and denying the motion to vacate.

The referee appropriately considered the contentions made with regard to the Civ. R. 60(B) motion and then considered the changed-circumstances provision of R.C. 3109.04. Additionally, separate findings were made before the referee recommended denial of a change of custody.

This court finds no prejudicial error in the denial of the Civ. R. 60(B) motion. Accordingly, the first and second assignments of error are overruled.

The final assignment of error deals with the referee's refusal to permit Tiffanie to express her wishes as to custody. Tiffanie was nine years old at the time of the hearing and, therefore, does not fall within the mandate of R.C. 3109.04.

In custody matters, the statutory language of R.C. 3109.04(C)(2) does not prohibit the child from testifying as to his or her wishes. Rather, the language of the statute requires the trial court to consider the child's wishes, once the child has attained the age of eleven. Prior to the attainment of that age, however, the trial court need not consider the child's wishes.

Therefore, it is peculiarly within the trial court's discretion as to whether to allow a child of less than eleven years of age to testify as to the child's desires regarding custody. The trial court will determine in the first instance whether such testimony is relevant and whether it would be helpful to a determination of the custodial decision.

Since reasonable people could differ as to whether or not Tiffanie should be allowed to testify as to her wishes, such disallowance is not an abuse of discretion. Since there was no abuse of discretion, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLAN, P.J., and BAIRD, J., concur.