BLAIR, N.K.A. VEGA, APPELLANT, *v.*
BLAIR, APPELLEE.

(No. 86AP060039—Decided
December 24, 1986.)

*David B. Ferrell,* for appellant.
*Michael Johnson,* for appellee.

MILLIGAN, J. On April 14, 1983, the court of common pleas granted a dissolution of marriage for Bradley J. and Robin Blair and approved an agreement of joint custody of Arin, who was born March 1, 1982.

In September 1985, each party filed a motion to modify the prior custody order, requesting sole custody. The common pleas court terminated the joint custody plan and granted custody to the father, subject to terms and conditions. Robin, the mother, appeals assigning four errors:

Assignment of Error No. I

"The court erred in ordering a modification of custody without first making a finding that there had been a change in circumstances."

Assignment of Error No. II

"The court erred in modifying a prior custody order without first considering and finding that the modification was necessary to serve the best interest of the child."

Assignment of Error No. III

"The court erred in modifying custody when there was no evidence presented which established that appellant, or any aspect of the environment which she provided, had an adverse effect on the child *and* that the harm caused by change in environment was outweighed by the advantages." (Emphasis added.)

Assignment of Error No. IV

"The court's judgment was contrary to law in that it failed to recognize that it has authority to propose a modification of the joint custody."

We overrule each of the assignments of error and affirm the judgment of the trial court for the reasons that follow.

Assignments of Error Nos. I and II

Appellant claims that the trial court is mandated by R.C. 3109.04 (B)(1), as a condition of modifying a prior custody decree, to find that there has been a change of circumstances (Assignment of Error No. I) and that the modification is necessary to serve the best interest of the child (Assignment of Error No. II). She relies on *Whaley* v. *Whaley* (1978), 61 Ohio App. 2d 111, 15 O.O. 3d 136, 399 N.E. 2d 1270.

Legislative sanction for joint custody followed on the heels of legislative sanction for divorce by agreement, *i.e.,* dissolution of marriage. Both enactments represent a

desire by the legislature to place within the control of parties the volatile, highly personal, and emotion-charged issues arising when a couple determine they can no longer continue the marriage estate. The clear purpose is to vest discretion, in so great a degree as is possible, in the parties. The court is relegated to a monitoring and supervisory role, essentially assuring that the parties have acted in good faith, without duress, with full disclosure, and have executed an agreement that is fair and equitable and responds to the best interests of the otherwise unrepresented children of the marriage.

The noble purposes of joint custody can only work so long as *both* parents continue to hold to the proposition that joint custody is in the mutual best interest of all parties. The legislation recognizes that when *either* of the parents concludes that joint custody is no longer viable, the court may terminate such custody. R.C. 3109.04 (B)(2)(d).

In the instant case, both parties have requested a termination of the prior final joint custody decree, leaving the trial court very little discretion.

Wisely, the legislature clearly provided that when joint custody is terminated, the parties stand at square one *vis-a-vis* the issue of custody. R.C. 3109.04(B)(2)(e) provides:

"Upon the termination of a * * * prior final joint custody decree * * * the court shall proceed and issue a modified decree for the care, custody, and control of the children under the standards applicable under division (A) of this section as if no decree for joint care, custody, and control had been granted and as if no request for joint care, custody, and control had ever been made."

Significantly, R.C. 3109.04(A), the triggered section, specifically provides that the court may not grant joint custody absent appropriate request. The hallmark of an R.C. 3109.04(A) custody order is that it shall be "in the best interest of the children." See 14 West, Ohio Family Law (1975, Supp. 1986) 98, Section 4740.

We overrule Assignments of Error Nos. I and II.

### Assignment of Error No. III

In her third assignment of error, the mother would have us, again, impose the modification of custody provisions of R.C. 3109.04(B)(1), triggering an inquiry into the environmental and impact issues of relative fitness.

For the reasons stated above, we conclude that the modification section, R.C. 3109.04(B)(1), does not apply when joint custody is terminated. In such cases, custody is to be determined *ab initio.*

Therefore, we overrule Assignment of Error No. III.

### Assignment of Error No. IV

The trial court determined that it had no authority to modify the terms of the joint custody plan "in that no request for modification of the joint plan has been made by either party."

Notwithstanding the grant of discretionary authority to propose "a modification to a final joint custody decree," R.C. 3109.04(B)(2)(d), it is clear that upon the facts and circumstances presented to the court by the mutual request to terminate, the trial court did not abuse its discretion in failing to attempt to negotiate modifications of the previously executed joint custody scheme.

The findings of fact abundantly demonstrate the attention given to this delicate issue by the trial court and reflect its best judgment as to that order which would be in the best interest of the child.

Assignment of Error No. IV is overruled.

The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and WISE, J. concur.