LEVY, Appellant,

v.

UNIVERSITY OF CINCINNATI et al., Appellees.

[Cite as *Levy v. Univ. of Cincinnati* (1992), 84 Ohio App.3d 342.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910751.

Decided Dec. 16, 1992.

*Robert A. Levy, pro se.*

*Kenneth R. Faller,* for appellee University of Cincinnati.

---

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the briefs and oral arguments. Appellee Allen Brown did not file a brief or appear at oral argument.

Robert A. Levy ("appellant") entered the employ of the University of Cincinnati ("U.C.") as a Visiting Associate Professor of Physics for a term of one year from September 1, 1963 through August 31, 1964. His employment was pursuant to a letter from William R. Wright ("Wright"), dated June 10, 1963 ("June letter"). At that time, Wright was head of the Department of Physics at U.C. On December 2, 1963, Charles K. Weichert, Dean of the College of Arts and Sciences of U.C., advised the appellant that "his appointment as Visiting Associate Professor for the period 9/1/63 through 8/31/64 ha[d] been changed to that of Associate Professor of Physics" for the same period of time ("December letter"). That same letter reminded the appellant that the bylaws and regulations of the board of directors [1] provided that the appointment of associate professors was for a term of three years or five years. The letter continued, "[a]t the expiration of the initial five-year or second three[-]year appointment, if [the associate professor

---

1. U.C., at the time, was a municipal university, the control of which was vested in a board of directors. R.C. 3349.01. When U.C. became a state university, its governance was vested in a board of trustees. R.C. 3361.01. The transition from municipal to state status was effective on July 1, 1977. See *Collins v. Univ. of Cincinnati* (1981), 3 Ohio App.3d 183, 3 OBR 209, 444 N.E.2d 459.

is] reappointed, [that person] shall have indefinite tenure * * *. In your case the three-year provision applies."

By letter dated October 18, 1968, in accordance with the bylaws and regulations of the board of directors ("bylaws"), Dean Weichert informed appellant that he would not be recommended for reappointment at the expiration of his second three-year term on August 31, 1969.

The within action was commenced on August 22, 1975. A second amended complaint was filed on June 4, 1990. Between those two dates much litigation had occurred providing two appeals to this court and one to the Supreme Court of Ohio. On November 4, 1991, the trial court entered summary judgment in favor of U.C. Claims against the other defendants had been settled or dismissed previously. Notice of appeal by Robert A. Levy was filed on October 15, 1991. Pursuant to App.R. 4(A), the notice is treated as having been filed after the entry of summary judgment on November 4, 1991.

The appellant presents eight assignments of error. None has merit. We will consider the eight assignments in an order different from that in which they were presented by the appellant.

### Fourth Assignment of Error

The appellant contends, in this assignment, that the trial court abused its discretion in granting leave for the immediate filing of the answer of U.C. and in denying his motion for partial summary judgment. He argues that no excusable neglect was shown for U.C.'s failure to file an answer within time and that the court abused its discretion in granting leave to file its answer, citing *Miller v. Lint* (1980), 62 Ohio St.2d 209, 16 O.O.3d 244, 404 N.E.2d 752. However, that case is factually dissimilar from the case we review.

On December 1, 1987, U.C. moved the trial court for leave to file its answer, at once, and served the appellant with notice of the motion. Neither of those conditions was present in *Miller v. Lint, supra.* In its memorandum in support of its motion for leave, U.C. noted the complex procedural history of the instant litigation as giving rise to the "excusable neglect" warranting the relief sought; in the *Miller* case there are no facts given which would justify a conclusion of excusable neglect. In the *Miller* case, a motion for default judgment preceded the effort to file an answer; in the instant case, the motion for leave to file the answer antedated any effort by the appellant in reaction to the default. The Supreme Court observed in *Miller v. Lint, supra,* that " * * * the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Miller v. Lint, supra,* at 215, 16 O.O.3d at 247, 404 N.E.2d at 755. We agree, but, when the alleged error is that the trial court abused its discretion in

the application of the procedural rules, we must review the factual basis to which the rules were applied. In doing so, we conclude that the ruling of the trial court was not "arbitrary, unreasonable or unconscionable" so as to be, in law, an abuse of discretion. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959.

Having determined that the trial court did not abuse its discretion in permitting U.C. to file its answer, and the basis of appellant's motion for partial summary judgment on the first count of the first amended complaint ("contract claim") being the absence of an answer by U.C., we conclude that the trial court did not err in denying partial summary judgment to the appellant.

The fourth assignment of error is overruled.

### First, Second and Third Assignments of Error

We address these three assignments jointly. Respectively, they protest: (1) the granting of summary judgment in favor of U.C.; (2) the denial of partial summary judgment in favor of appellant on his claim of breach of contract; and (3) the denial of partial summary judgment in favor of the appellant on the basis that his claim for the amount by which he was underpaid for his teaching services in the summer of 1964 was barred by the statute of limitations.

We have reviewed the second amended complaint and the answer thereto, together with the other evidentiary material which the trial court could, pursuant to Civ.R. 56(C), properly consider. We hold that the action of the trial court, in granting summary judgment in favor of U.C. and denying partial summary judgment in favor of the appellant, is free from error.

The appellant advances his first assignment of error by presenting five theories. First, he contends that there were genuine issues of material fact on his right to academic tenure. He bases his claim for tenure on the June letter which (1) offered to the appellant a one-year Visiting Associate Professorship with compensation in the amount of $10,500 for the academic year from September 1, 1963 through August 31, 1964; (2) offered a regular appointment, if everything was mutually satisfactory, for the following year; and (3) advised the appellant that regular appointments were usually made for a period of three years and were renewable for a second three-year period, and that "[a]t the end of that time the faculty member has tenure." The appellant's contention is that he, having served two regular three-year appointments, was entitled to tenure by the language of the June letter. The flaw in the reasoning of the appellant results from his failure to recognize the legal significance of the December letter.

The December letter is more than a modification of the June letter; it entirely replaces the June letter. It establishes new rights and obligations and

is, in legal effect, a contract of novation offered by U.C. and accepted by the appellant by his action of continuing to teach after the expiration of the period of employment established by the June letter. The December letter states that tenure is an incident attendant to reappointment after the second three-year period as associate professor. This statement is in accord with Section 39(a)(3) of the bylaws. Further, because U.C. has a formal tenure system, the only way that tenure may be obtained is by formal granting of the board of directors. See *Omlor v. Cleveland State Univ.* (1989), 45 Ohio St.3d 187, 543 N.E.2d 1238, syllabus. The appellant, having been advised on October 8, 1968, in accordance with the bylaws, that he was not being recommended for reappointment at the end of his second three-year term as associate professor, has not met an essential condition precedent to his tenure.

As an additional theory, appellant contends that the June letter entitles him to professional rank which, pursuant to the bylaws, would include the grant of tenure. This theory is without merit for at least two reasons. First, it is based on the June letter and, as we have concluded, that letter was superseded by the December letter. Second, the appellant did not submit any evidentiary material to support his claim of entitlement to the promotion. He has not raised a genuine issue of material fact relative to his right to be promoted. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

Appellant's third theory of error in the granting of summary judgment in favor of U.C. is based on an assertion of error as a matter of law arising from the application of the wrong statute of limitations to his claims for salary increases, summer-school compensation and incorrect payment for grant work. In addition, the appellant asserts that a genuine issue of material fact is presented by the statute-of-limitations defense unless the complaint clearly shows on its face that the action is barred. The trial court applied the six-year period of limitation (R.C. 2305.07) applicable to contracts not in writing; the appellant argues that the correct period of limitation is the one applicable to written contracts (R.C. 2305.06), namely, fifteen years.

Appellant attempts to support his position by contending that the bylaws are by implication terms of the June letter on the authority of *Rehor v. Case Western Reserve Univ.* (1975), 43 Ohio St.2d 224, 72 O.O.2d 127, 331 N.E.2d 416, paragraph one of the syllabus. That case is inapposite because, as noted before, the June letter was superseded by the December letter.

The fourth theory upon which the appellant bases his first assignment of error relies on the Statute of Frauds, that is to say, because the alleged modification of the June letter relates to a condition which could not occur for more than one year and the appellant had not signed the modification the contract was unen-

forceable. The claim is without merit. The Statute of Frauds on oral agreements requires the signature of the party to be charged under the agreement. In the instant case, U.C. had signed the December letter which superseded the June letter.

Finally, the appellant contends that genuine issues of material fact exist which make summary judgment in favor of U.C. inappropriate. We disagree. The record contains no evidence of any libelous or slanderous communication within the appropriate period of limitation as provided in R.C. 2305.11. The allegation by the appellant that U.C. had tapped his telephone and engaged in harassing conduct is likewise unsupported in view of the affidavits denying any such conduct. No genuine issue of material fact existed, which would make summary judgment available to U.C.

In his second assignment of error, the appellant asserts that the trial court erred in overruling his motion for partial summary judgment. He predicates his argument on this court's agreeing with his contention that the June letter controls. Because we have previously ruled that the June letter has no application, we hold this assignment to be without merit.

The third assignment of error protests the failure to grant appellant partial summary judgment on his claim for summer-school compensation. Appellant asserts that U.C. waived the statute of limitations and that, as a result, the court erred in denying his motion for partial summary judgment for that claim. The defense was set forth with sufficient clarity to overcome the claim of waiver.

The first, second and third assignments of error are overruled.

### Fifth Assignment of Error

In the fifth assignment of error, the appellant protests the overruling of his motion for summary judgment on the first count of his first amended complaint. This assignment of error is without merit.

The first count of the first amended complaint is the breach-of-contract claim. On December 1, 1987, the appellant moved for partial summary judgment on that count and the trial court overruled the motion on February 9, 1988.

The second amended complaint repeated, in its first count, the substance of the first count of the first amended complaint. The abandonment of the first amended complaint and a ruling based on the first amended complaint, even if erroneous, is mooted by the filing of the second amended complaint. In addition, the second assignment of error herein raises the same protest. We hold the fifth assignment of error herein is subsumed in the second assignment and is therefore overruled. See *Parnell v. Bell* (1962), 117 Ohio App. 125, 127, 23 O.O.2d 245, 246–247, 191 N.E.2d 220, 222.

### Sixth, Seventh and Eighth Assignments of Error

In the final three assignments of error, the appellant charges that the trial court abused its discretion in striking his demand for a jury trial (sixth assignment); in denying his motion to depose, on oral examination, a witness who had previously been deposed on written examination (seventh assignment); and in granting the motion to dismiss filed by Allen Brown (eighth assignment). None of these assignments of error has merit.

█ " '[A]buse of discretion' is readily defined as more than an error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable." *Ruwe v. Bd. of Springfield Twp. Trustees, supra,* 29 Ohio St.3d at 61, 29 OBR at 443, 505 N.E.2d at 959. The record we review does not reflect an abuse of discretion in any of these assignments of error.

We have held in our discussion of the first assignment of error that the trial court did not err in granting summary judgment in favor of U.C. There were no genuine issues of material fact; there was no task for a jury to perform.

█ The witness from whom the appellant sought an oral deposition was apparently not in good health. That was the reason the initial deposition was taken on written examination. The record does not manifest that unreasonable, arbitrary or unconscionable attitude constituting an abuse of judicial discretion in the judge not allowing the witness to be deposed further on oral examination.

█ Finally, the appellant assigns abuse of discretion to the dismissal of the claim against Allen Brown for legal malpractice. On December 31, 1987, Brown sought leave to file his motion to dismiss. The motion and supporting affidavit were attached to the application for leave to file the motion. An entry granting Brown's motion to dismiss was journalized on February 27, 1988. The court held the claim of appellant was barred by the statute of limitations. The court further found that although the motions and the time for hearing had been served by the United States Postal Service on the appellant, he did not respond to the motion or appear at the hearing. There was no abuse of discretion. The sixth, seventh and eighth assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and UTZ, JJ., concur.