OPINION
Defendant-appellant, Judy M. (Deimling) Messer, appeals a decision by the Clermont County Court of Common Pleas, Domestic Relations Division, terminating a shared parenting agreement between appellant and plaintiff-appellee, Fred D. Deimling, and awarding custody of the parties' only child, Chad, to appellee. We affirm.
On August 29, 1992, the parties' marriage was terminated by divorce and a shared parenting agreement was journalized. Pursuant to the shared parenting agreement, appellant was designated the residential parent and legal custodian of Chad. Appellee was awarded visitation pursuant to Clermont County visitation guidelines. Appellee filed a motion to modify the shared parenting plan on October 23, 1996, seeking an increase in his visitation time with Chad. On December 11, 1996, appellee filed an amended motion to modify the shared parenting plan and have himself designated the residential parent and legal custodian of Chad because of appellant's interference with his visitation with Chad.
On June 25, 1997, the trial court on its own motion, terminated the shared parenting agreement and designated appellee as residential parent. The trial court found:
 it is in the best interest of the minor child that the shared parenting plan be modified to the extent that the parties will no longer have shared parenting and that Plaintiff/Father be designated the legal custodian and residential parent of the minor child, with visitation rights to Defendant/Mother.
Appellant appeals the trial court's decision and asserts two assignments of error on appeal.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING A CHANGE OF CIRCUMSTANCES UNDER OHIO REVISED CODE 3109.04-(E)(1)(a).
It is well-settled that the trial court is vested with broad discretion in child custody matters and is subject to reversal only upon a showing of an abuse of discretion. Pater v. Pater (1992), 63 Ohio St.3d 393, 396. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3109.04(E)(2)(c) provides that the court may terminate a prior final shared parenting decree if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the child. "When a shared parenting arrangement is terminated, the court determines custody ab initio under the standards of R.C.3109.04(A), (B) and (C), taking into account what would be in the [child's] best interest. The modification section, which requires a finding of a change in circumstances, is not triggered when shared parenting is terminated." Zmyslo v. Zmyslo (Dec. 2, 1996), Warren App. No. CA96-02-016, unreported at 9, following Blair v. Blair (1986), 34 Ohio App.3d 345, 346.
In the instant case, the trial court correctly set forth the applicable law as follows:
 The Court finds that ORC 3109.04(E)(1)(a) applies to modification of a shared parenting plan when the court is modifying custody and visitation. Schoettle v. Bering (Apr. 22, 1996), Brown App. No. CA95-07-011, unreported. When terminating a shared parenting plan the standard for the court to apply is the best interest of the child. Patton v. Patton (Jan. 23, 1993), Clinton App. No. CA94-04-011, unreported.
The trial court stated in its decision that "although [appellee] is essentially seeking to terminate the shared parenting plan, [appellee's] motion speaks to modification." The trial court determined that the proper test for the court to apply was whether appellee had established a change of circumstances and whether a change of residential parent was in the best interest of the child.
However, as stated, the trial court's final determination was to terminate the shared parenting plan and designate appellee as residential parent. Accordingly, although the trial court's wellwritten decision includes a finding that a change of circumstances had occurred, this finding was not necessary because termination of a shared parenting agreement requires only a finding of best interest. R.C. 3109.04(E)(2)(c). Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FINDING THAT IT WAS IN THE BEST INTEREST OF A MINOR CHILD WITH DOWN'S SYNDROME TO BE REMOVED FROM THE CUSTODY OF HIS MOTHER WHO HAS BEEN HIS PRIMARY CARETAKER SINCE BIRTH WHEN THE CHILD IS NOW FOURTEEN YEARS OF AGE.
The two issues remaining for our determination are whether the trial court abused its discretion in finding that Chad's best interest was served by (1) a termination of the shared parenting agreement, and (2) the designation of appellee as residential parent. In considering Chad's best interest, the trial court stated that it considered the relevant factors of R.C. 3019.04(F)(1):
 a. The wishes of the child's parents regarding his care;
 b. If the court has interviewed the child in chambers * * * as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 c. The child's interaction and relationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 d. The child's adjustment to his home, school and community;
 e. The mental and physical health of all persons involved in the situation;
 f. The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 g. Whether either parent has failed to make all child support payments, including all arrearages, that are required by that parent pursuant to a child support order under which that parent is an obligor;
 h. Whether either parent previously has been convicted of or plead guilty to any criminal offense involving any act that has resulted in a child being an abused or a neglected child;
 i. Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 j. Whether either parent has established a residence, or is planning to establish a residence outside this state.
As stated, this court will not overturn a custody determination unless the trial court has abused its discretion by acting in a matter that is arbitrary, unreasonable, or capricious.
The trial court found that evidence had been presented that it was no longer in the best interest of Chad to have a shared parenting agreement. The court found that the parties were unable to communicate with respect to Chad and that the parties were unable to put aside their differences for the benefit of Chad. Further, the court found that appellant was found in contempt of court for violating appellee's visitation rights.
We find no abuse of discretion in the trial court's termination of the shared parenting agreement and the determination that termination of the shared parenting agreement was in Chad's best interest.
As stated, when a shared parenting agreement is terminated, the trial court determines custody ab initio under the standards of R.C. 3109.04(A), (B) and (C), taking into account what would be in the child's best interest. Blair v. Blair (1986), 84 Ohio App.3d 345,346. In determining whether it was in Chad's best interest to designate appellee as the residential parent the trial court stated:
 At the outset, the Court notes that both of the parties are suitable parents. Based upon the totality of the evidence presented, however, the Court finds that it is in the best interest of the child that the Plaintiff/Father be designated the legal custodian and residential parent of the minor child. The Court further finds that the potential harm caused by the change of residential parent is outweighed by the advantages of such change.
More specifically, the trial court found that appellant had willfully denied appellee his right to visitation and found that appellee was the parent more likely to facilitate visitation.
The record in the this case indicates that the trial court made a thorough examination of the facts in this case and properly considered their bearing on the relevant statutory factors relating to Chad's best interest. The trial court's decision to terminate the shared parenting agreement and designate appellee as residential parent has ample support from the record and is not unreasonable, arbitrary or unconscionable.
Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.