Appellant Brian Brennaman appeals from a judgment of the Greene County Common Pleas Court, Domestic Relations Division, terminating a shared parenting plan and designating the appellee as the residential parent for the parties' minor child. In his sole assignment of error, Brennaman contends the trial court abused its discretion by granting a change of custody without sufficient evidence to support the change.
The present appeal stems from the parties' divorce after a one-year marriage. Pursuant to the parties' agreed-upon "Joint Custody Plan," the divorce decree identified Brennaman as the residential parent and granted both parties joint custody with a shared parenting plan incorporated into the decree. Subsequently, appellee Suzanne Huber filed a June 17, 1996, motion seeking to terminate the parties' joint custody plan and shared parenting agreement. In her motion, Huber also sought to be designated the residential parent for the parties' minor child Alex. Following a hearing, a magistrate terminated the shared parenting plan and designated Huber as the "primary residential parent." The trial court subsequently overruled Brennaman's objections to the magistrate's ruling but sustained Huber's objection to the magistrate's calculation of Brennaman's child support obligation. In all other respects, the trial court's May 8, 1997, judgment entry approved the magistrate's ruling. Brennaman then filed a timely appeal advancing the following assignment of error:
 I. "The trial court abused its discretion in granting a change of custody without sufficient evidence to justify circumstances in the best interests of the child to warrant the change of custody."
In his assignment of error, Brennaman does not challenge the trial court's termination of the parties' shared parenting plan. He argues, however, that the trial court should not have granted a change of custody simply because the parties' shared parenting plan was not working effectively. Additionally, Brennaman contends the record is devoid of evidence indicating that a change of custody is in the best interests of the parties' child.
We find these arguments unpersuasive. R.C. 3109.04(D)(1)(d) provides that a "final shared parenting decree issued under this division has immediate effect as a final decree on the date of its issuance, subject to modification or termination as authorized bythis section." (Emphasis added). R.C. 3109.04(E)(1)(a) provides for modification of decrees allocating parental rights, including shared parenting plans. As a prerequisite for modification under R.C. 3109.04(E)(1)(a), the trial court must find a change of circumstances. However, R.C. 3109.04(E)(2)(c) provides that "[i]naddition to a modification authorized under division (E)(1) ofthis section * * * [t]he court may terminate a prior final shared parenting decree that includes a shared parenting plan * * * upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children."
Significantly, nothing in R.C. 3109.04(E)(2)(c) requires the trial court to find a change of circumstances in order to terminate a shared parenting agreement. As the appellee properly notes, R.C. 3109.04(E)(2)(c) provides that the trial court may terminate a shared parenting plan at the request of a party or if it determines that the plan is not in the best interest of the child. Furthermore, R.C. 3109 (E)(2)(d) provides that upon termination of a shared parenting plan, "the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children * * * as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made."
Consequently, we cannot agree with Brennaman's argument that the trial court erred by allocating parental rights after terminating the parties' shared parenting plan. Brennaman's designation as "residential parent" was simply a product of the parties' agreed-upon joint custody and shared parenting plan. The court's termination of the shared parenting plan, however, left the parties at "square one" with respect to the parental rights issue, Blair v. Blair (1986), 34 Ohio App.3d 345, and R.C.3109.04(E)(2)(d) required the court to allocate parental rights "as if no request for shared parenting ever had been made." See also Zmyslo v. Zmyslo (Dec. 2, 1996), Warren App. No. CA96-02-016, unreported ("When a shared parenting arrangement is terminated, the court determines custody ab initio under the standards of R.C.3109.04(A)(B) and (C), taking into account what would be in the children's best interest."); Patton v. Patton (Jan. 23, 1995), Clinton App. No. CA94-04-011, unreported (noting that no presumption exists in favor of retaining the current residential parent when a trial court acts upon a party's motion and terminates a shared parenting agreement); In the Matter ofStiffler (Sept. 29, 1994), Highland App. No. 94 CA 841, unreported ("The [trial] court found that the joint custody plan was no longer in Matthew's best interest. The court determined the custody issue according to the best interest of the child as if making an original allocation of parental rights."); Bittner v.Bittner (May 17, 1991), Geauga App. No. 90-G-1571, unreported ("Upon the termination of a joint custody decree, the court is required to issue a modified custody decree as if joint custody did not occur and as if it were making an original award of custody."); Hayes v. Hayes (Nov. 18, 1991), Warren App. No. CA91-05-040, unreported ("The custody modification procedures * * * are not applicable when joint custody is terminated.").
As the court appropriately recognized in Patton, supra, "[t]he noble purposes of joint custody can only work so long asboth parents continue to hold to the proposition that joint custody is in the mutual best interests of all parties. The legislation recognizes that when either of the parents concludes that joint custody is no longer viable, the court may terminate such custody. * * * Wisely, the legislature clearly provided that when joint custody is terminated, the parties stand at square onevis-a-vis the custody issue." Id., quoting Blair, supra, at 346.
Furthermore, we are convinced that the trial court's parental rights allocation did not constitute an abuse of discretion. After terminating the shared parenting plan, the trial court considered the child's best interests when addressing the residential parent issue. The record in this case contains evidence demonstrating that the trial court's designation of Huber as the child's residential parent was not an abuse of discretion. In particular, the record contains testimony from Rebecca Hannah, a clinical psychologist, who explained in detail why she believed Huber would provide better care for the parties' child. After conducting interviews with the parties, Hannah told the magistrate: "Based upon all the information that I obtained, my knowledge and experience, it is my opinion that Suzanne [Huber] is best suited as the custodial parent because she assumes responsibility for her behavior and she's willing to be self-valued or critical. I think she's more workable. * * * I think she's more likely to facilitate a relationship with the child's other parent. I think she's more likely to negotiate on visitation being more flexible. I think that if she does make mistakes as a parent, she's willing to look at that and make appropriate changes. I think she's more positive."
In contrast, Hannah described Brennaman as "intolerant" with a "critical, negative attitude." She testified that he only "sees things his way." Additionally, Hannah told the court: "I also felt that he would be less likely, based on his attitude about the mother, to facilitate a relationship, and concerned that, as the child got older and more involved and started exerting control, where they became more independent making decisions, that his style could cause problems at that point, meaning that he may want things his way and not allow the child to develop." Although these statements represent only a small portion of Hannah's testimony, they illustrate her belief that Huber is better suited to act as the child's residential parent. Hannah also provided the trial court with a written evaluation, concluding that "Suzanne is best suited for sole custody of Alex."
Additionally, the record contains testimony from other witnesses who testified that the child "appeared to be at least somewhat out of control" when he was with Brennaman, that Brennaman had told Alex that Alex "loved daddy more than he loved mommy," that Brennaman was "very bossy" and employed "ineffective discipline," and that Brennaman engaged in name-calling with the child. Again, these examples are not exhaustive, but they refute Brennaman's argument that the trial court's ruling is unsupported by any evidence. In any event, having reviewed the entire record, we cannot agree with Brennaman's contention that the trial court's ruling constitutes an abuse of discretion. Accordingly, we overrule his assignment of error and affirm the judgment of the Greene County Common Pleas Court, Domestic Relations Division.
Judgment affirmed.
WOLFF, J. and GRADY, J., concur.
Copies mailed to:
Joseph A. Coates
David A. Orlins
Hon. Judson L. Shattuck, Jr.