[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} In August of 1998, defendant-appellee Neyra Construction Co. ("Neyra") was in the process of replacing and/or repairing the sidewalk in front of the home of plaintiffs-appellants Rosalind Rainey-Stiggers and Nathaniel Stiggers. A two- to three-foot ditch had been dug out in front of the Stiggers's house, beginning at their front steps. The excavation exposed a pipe.
 {¶ 3} On August 9, 1998, Rainey-Stiggers was injured when she fell into the ditch while attempting to jump over it. Rainey-Stiggers stated in her deposition that she and her family had been forced to jump over the ditch for the three months prior to her fall, because there was no other means of ingress to or egress from her house.[1] She stated that she could not walk to another house and then out to the street because "all that was dug out as well." Rainey-Stiggers testified that she had complained to defendant-appellee village of Woodlawn ("Woodlawn") about the ditch on at least six occasions prior to her fall. She complained to Woodlawn that her family had no means of getting into and out of their home. At one point, Woodlawn's maintenance director came to inspect the ditch, but nothing was done to remedy the problem.
 {¶ 4} Rainey-Stiggers and her husband filed a complaint against Neyra and Woodlawn, seeking to recover for the damages caused by her fall. Neyra and Woodlawn filed motions for summary judgment, arguing that Rainey-Stiggers was precluded from any recovery because she had assumed the risk of her injury by voluntarily proceeding in the face of a known risk. The trial court granted the summary-judgment motions. Rainey-Stiggers and her husband have appealed.
 {¶ 5} The first assignment of error alleges that the trial court erred in granting the motions for summary judgment on basis that Rainey-Stiggers had assumed the risk of her injury. For the purposes of this appeal, we will assume, as did the trial court, that Woodlawn owed a duty to Rainey-Stiggers to keep its sidewalks open, in repair and free from nuisance.
 {¶ 6} Summary judgment was appropriate if there were no genuine issues of material fact, Neyra and Woodlawn were entitled to judgment as a matter of law, and after construing the evidence most strongly in favor of Rainey-Stiggers, reasonable minds could only have reached a conclusion adverse to her. See Civ.R.56(C).
 {¶ 7} "Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion." Simmers v. Bentley Construction Co.,64 Ohio St.3d 642, 1992-Ohio-42, 597 N.E.2d 504. An "open and obvious" danger can place contributory negligence and assumption of the risk at issue. Id. Summary judgment was appropriate in this negligence action if, after construing the evidence most strongly in favor of Rainey-Stiggers, reasonable minds could only conclude that her negligence was greater that the combined negligence of Neyra and Woodlawn. SeeWilliams v. 312 Walnut Limited Partnership (Dec. 31, 1996), 1st Dist. No. C-960368.
 {¶ 8} The question in this case is whether Rainey-Stiggers assumed the risk of her own injury by consenting to or acquiescing in a known, appreciated or obvious risk to her safety, and, if so, whether her actions constituted negligence so extreme as to prevent her recovery. SeeBrady-Fray v. Toledo Edison Co., 6th Dist. No. L-02-1260, 2003-Ohio-3422.
 {¶ 9} In Borchers v. Winzeler Excavating Co. (1992),83 Ohio App.3d 268, 614 N.E.2d 1065, Winzeler had contracted with Montgomery County to install new sewers in Kettering, Ohio. Winzeler was installing a sewer line in front of Borchers's mother's home. During the construction, portions of the road in front of the mother's home were "dug up," and loose gravel was scattered on the road. Borchers was on her way back into her mother's house from one of several trips to her car, when she slipped and fell on the debris. The trial court granted summary judgment in favor of Winzeler, holding that Borchers had assumed the risk of her injury because she was aware of the gravel, having made several trips to her car that day.
 {¶ 10} The court of appeals reversed the entry of summary judgment, holding that there were genuine issues of material fact as to (1) whether Winzeler had breached a duty of care to Borchers; (2) whether Borchers was contributorily negligent or had assumed the risk of her injury; (3) the extent to which the negligence of each party had caused Borchers's injury; and (4) what percentage of each party's negligence had caused the injury. The appeals court stated, "We cannot say, as [Winzeler] urges, that the evidence is clear that Mrs. Borchers was more negligent as a matter of law than Winzeler. Issues of comparative negligence are for the jury to resolve unless the evidence is such that reasonable minds can reach but one conclusion."
 {¶ 11} The Borchers court pointed out that there are cases where a defendant has unduly restricted a plaintiff's freedom of choice or has put the plaintiff in a kind of duress by leaving him no alternative but to incur a risk. These cases include the "use of an improperly impeded access to plaintiff's own property." See id.
 {¶ 12} In Brown v. Coady Contracting Co. (Dec. 18, 1979), 10th Dist. No. 79AP-222, Brown sued for injuries she incurred when she fell while getting her mail. Defendant city of Columbus had contracted with defendant Coady Contracting Co. ("Coady") for improvements to the streets, curbs and sewers in Brown's neighborhood. Coady had moved Brown's mailbox and had put it with others several blocks from Brown's house. The area surrounding the mailboxes was strewn with gravel, dirt and other debris. Brown was aware of these conditions. Brown stated that, despite exercising great care, she slipped and fell on the debris. There was no evidence that an alternate route was available to Brown to get her mail.
 {¶ 13} In reversing the trial court's granting of directed verdicts in favor of the defendants, the court of appeals held that because there was no evidence that another route to the mailboxes was available, "whether or not the plaintiff exercised that degree of care that an ordinary prudent person would exercise under the circumstances and whether or not plaintiff voluntarily assumed the risk, involve questions of fact to be determined by the jury."
 {¶ 14} In the instant case, the only evidence presented was that Rainey-Stiggers had no alternative but to jump across the ditch in order to get in and out of her home. We hold that there was a genuine issue of material fact as to whether Rainey-Stiggers voluntarily assumed the risk of her injury. Construing the evidence most strongly in favor of Rainey-Stiggers, we cannot say as a matter of law that any negligence on her part was greater than the negligence of the defendants. The first assignment of error is sustained.
 {¶ 15} The second and third assignments of error are overruled because, following a complete review of the record, we hold that the trial court did not abuse its discretion in granting Woodlawn's motions for leave to file an answer out of time and for leave to file a motion for summary judgment, or in denying Rainey-Stiggers's motion for default judgment. See State ex rel. Lindenschmidt v. Bd. of Comms. of ButlerCty., 72 Ohio St.3d 464, 1995-Ohio-49, 650 N.E.2d 1343; Fulwiler v.Schneider (1995), 104 Ohio App.3d 398, 662 N.E.2d 82; Levy v. Universityof Cincinnati (1992), 84 Ohio App.3d 342, 616 N.E.2d 1132.
 {¶ 16} The summary judgment entered by the trial court favor of the defendants is reversed, and the cause is remanded for further proceedings consistent with law and this Judgment Entry.
 {¶ 17} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.
[1] We note that the record transmitted for our review does not contain several photographs that were submitted as exhibits during Rainey-Stiggers's deposition. Rainey-Stiggers testified in her deposition that the photographs did not depict the condition of the ditch at the time of her fall.