PARNELL, EXRX., APPELLANT, *v.* BELL, APPELLEE.*

(No. 9135—Decided July 30, 1962.)

*Messrs. Matthews & Swing* and *Mr. Frank M. Zier*, for appellant.

*Mr. Milton M. Bloom*, for appellee.

COLLIER, J. This action for wrongful death originated in the Common Pleas Court of Hamilton County, with Ivy C.

*Motion to certify the record overruled (37857), March 6, 1963.

Parnell, executrix of the estate of Perry D. Parnell, deceased, as plaintiff, and Joan Nellie Bell, as defendant. The action was brought for the benefit of Ivy C. Parnell, the surviving spouse of Perry D. Parnell. The parties will be referred to as the plaintiff and defendant in the same relation they appeared in the Common Pleas Court.

The plaintiff, in her amended petition, alleges that on January 28, 1961, at about 8:30 a. m., plaintiff's decedent was a pedestrian crossing from the northeast corner of Elstun Road and Beechmont Avenue to the south side of Beechmont Avenue, a much-used state highway in Hamilton County, running in a generally southeast and northwest direction; and that, when he was within approximately three feet of the south edge of Beechmont Avenue, he was struck by a southeast-bound automobile being driven toward the rising sun by the defendant, causing him bodily injuries which proximately resulted in his death.

Defendant, in her answer, denies all allegations of negligence alleged in plaintiff's amended petition and charges the plaintiff's decedent with contributory negligence. At the close of plaintiff's evidence the court sustained defendant's motion to withdraw the case from the jury and rendered judgment for the defendant. Plaintiff's motion for a new trial was overruled, and the plaintiff has perfected her appeal on questions of law to this court. The assignments of error are:

1. The trial court erred in withdrawing the issues from the jury and entering a judgment for the defendant at the end of the plaintiff's case.

2. In striking from the plaintiff's petition, the allegation that the defendant was driving her automobile in such a manner and at such a speed that she could not bring it to a stop within the assured clear distance ahead.

3. In overruling the plaintiff's motion for a new trial.

4. Other errors apparent on the face of the record.

These assignments of error present two questions to be determined in this appeal and will be considered in inverse order to that stated in plaintiff's brief. The first question is: Did the trial court err in striking from plaintiff's petition the allegation that the defendant was driving her automobile in such a manner and at such a speed that she could not bring it to a stop within the assured clear distance ahead.

Plaintiff's original petition charged the defendant with six specific acts or omissions of negligence. To this petition the defendant filed a motion to strike six items or allegations, including the third specification of negligence alleged in the petition, which charged the defendant with a violation of the "assured clear distance ahead" provision of Section 4511.21, Revised Code. An examination of the journal entry ruling on the motion reveals that the court overruled this part of the motion. In other words, the court did not strike this allegation of negligence from the petition, and, therefore, there is no adverse ruling against the plaintiff in this respect upon which to predicate error, and this assignment of error is, therefore, overruled.

The second question is: Did the trial court err in withdrawing the case from the jury and rendering judgment for the defendant? After the court's ruling on defendant's motion, items 1, 2, 4, 5 and 6, of which were sustained and item 3 of which was overruled, the plaintiff filed an amended petition containing only two specifications of negligence, to wit:

"1. In failing to divert the course of her automobile after she saw this pedestrian.

"2. In failing to yield the right of way to this plaintiff's decedent, who was crossing a state highway within a crosswalk."

The plaintiff's right to recover can only be based on the allegations contained in her amended petition. It is the function of pleadings to raise and define the issues to be tried. The plaintiff at no time made application to amend her amended petition to include any additional grounds of negilgence, and by filing her amended petition her original petition was abandoned. It was held in *Grimm* v. *Modest*, 135 Ohio St., 275:

"1. The substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one."

At this state of the pleadings the issues were confined to the specifications of negligence alleged in the amended petition. The issue relating to a violation of the "assured clear distance ahead" provision of Section 4511.21, Revised Code, was removed from the case when the plaintiff omitted it from her amended petition. The plaintiff, having voluntarily omitted

such allegation in the amended petition, the trial court was not called upon on its own volition to inject such issue into the case.

The evidence adduced by the plaintiff may be summarized as follows: Plaintiff's decedent was a man seventy-one years of age. On January 28, 1961, at about 8:30 a. m. he approached the north edge of Beechmont Avenue, State Highway No. 125, a three-lane highway, two lanes for eastbound and one lane for westbound traffic. Beechmont Avenue, a macadam surfaced road, extending in a general east and west direction, is thirty-two feet wide. The sun was very bright, it was very cold and some snow was on the ground. The travelled portion of the highway was clear. Before entering the highway, the decedent shielded his eyes, turned his head and looked eastwardly, but there is no positive evidence that he turned his head and looked to the west. He crossed the highway at a slight angle to the west and was within about one step from the south edge of the road when he was struck by the right front fender of the automobile being driven by the defendant in an easterly direction thirty-five or forty miles per hour in the outside, or curb, lane. The accident occurred outside a municipal corporation. The defendant, at the scene of the collision, made a written statement and also stated to witnesses that she was blinded by the sun and snow and did not see the decedent before she struck him. The defendant had a clear, unobstructed view of the highway for several hundred feet as she approached the point of impact with the decedent.

The trial court found, as a matter of law, that the defendant was not negligent and also that the plaintiff's decedent was guilty of negligence, and that, therefore, there was no issue of fact to submit to the jury. In considering this motion to withdraw the case from the jury, the court was required to assume, for the purposes of the motion, the admission of all the facts which the evidence tended to prove and, also, construe the evidence most strongly in favor of the plaintiff. Such motion presents purely a question of law, and must be determined on uncontroverted facts and undisputed evidence. 39 Ohio Jurisprudence, 792, Section 179 *et seq.* The test is whether, on the undisputed facts, reasonable minds can reach different conclusions on the issues of fact to be determined. *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469.

First, let us consider the evidence which tends to prove negligence by the defendant. Here we have a situation where a pedestrian attempted to cross a state highway outside a municipal corporation. The testimony of two Cincinnati police officers, traveling in an automobile approaching the scene of the accident from the east is to the effect that they saw the decedent in the highway when they were about 400 feet east from him; that at that time the defendant's automobile, traveling in an easterly direction in the curb lane, about thirty-five or forty miles per hour, was about an equal distance from the decedent; and that the defendant did not reduce her speed or change her course but continued on and struck the decedent when he was taking his last step from the highway. This testimony, considered with the statements of the defendant, both oral and written, that ''I did not see the man until I heard the bump,'' and that she was blinded by the sun and snow, is, in our opinion, sufficient evidence upon which reasonable minds may easily reach different conclusions as to whether the defendant exercised ordinary care in driving her automobile at the time and place in question.

Even though the issues in this case relating to the negligence of the defendant have been limited by the pleadings to the two specific acts or omissions of negligence as above set forth, the evidence adduced by the plaintiff, construed most favorably for the plaintiff, presents a factual situation to be determined by the jury. It was held in *Phillips* v. *Weeden*, 18 Ohio Law Abs., 229, in the fourth paragraph of the headnotes:

''A pedestrian crossing the street has the right to assume, in the absence of contrary knowledge, that the driver of an approaching automobile will not be guilty of negligence, and if approaching in dangerous proximity, that he will in the exercise of due care discover the pedestrian, reduce his speed and so permit the pedestrian to pass in safety, or deviate from the course he is pursuing, and pass behind him.''

The authorities uniformly hold that the operator of a motor vehicle blinded by lights, fog, mist or any other atmospheric condition may not be excused for any negligent act or failure to use ordinary care. 6 Ohio Jurisprudence (2d), 473, Section 240, reads:

''It is the duty of the driver of an automobile to stop his

machine whenever he is so blinded as to be unable to see the way in front of him * * *.

"Strictly applied, the rule that a motorist blinded by the lights of approaching cars must either stop or control his car so as to be able to stop in time to avoid a collision with any discernible object in the road ahead allows little chance for a motorist who is so blinded and strikes such an object to escape the imputation of negligence. * * * ''

And 5 American Jurisprudence, 434, Section 331, reads:

"Where the vision of the driver of an automobile is obstructed for any cause, the law requires that he exercise care commensurate with the situation, and requires him to proceed with more caution than where he has unobstructed vision * * *. When blinded by the elements of nature, a motorist must at all times reduce speed or stop at his peril.''

In regard to the second ground of negligence alleged in the amended petition, that the defendant failed to yield the right of way to the decedent who was crossing the highway within a crosswalk, we find the evidence too indefinite and insufficient to establish a prima facie case based upon this specification of negligence. West Elstun Road intersects Beechmont Avenue from the south and terminates therein. The point of impact was approximately thirty feet east of the southeast corner of this intersection. There were no marked crosswalks. Where East Elstun Road intersects Beechmont Avenue is not shown by the record. In our opinion, the trial court would have been justified in withdrawing this allegation of negligence from the consideration of the jury for failure of proof.

Finally, was the plaintiff's decedent guilty of contributory negligence as a matter of law? Section 4511.49, Revised Code, reads, in part, as follows:

"Pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching.''

The evidence shows that the decedent shaded his eyes and looked to the east, but no one saw him turn his head to the west. One witness testified that the decedent did not go directly across the highway but walked at a slight angle to the west. None of the four eyewitnesses say he did not look to the west, they say they do not know whether or not he did so. Negligence is never

presumed and one is presumed to have used care for his own safety. This is especially true in actions for wrongful death. 21 Ohio Jurisprudence (2d), 154, Section 147. Also, the fact that the decedent crossed the highway at an angle to the west may have avoided the necessity of him turning his head in that direction. The test as to reasonable minds reaching different conclusions applies to contributory negligence the same as to negligence. In our opinion, after considering all the evidence tending to establish contributory negligence by the plaintiff, reasonable minds could have reached different conclusions on this issue.

Assuming, however, that the plaintiff's decedent was negligent, there remains the question of proximate cause. The case of *Glasco* v. *Mendelman*, 143 Ohio St., 649, involved a pedestrian who was guilty of negligence per se in crossing a street other than at a cross walk. It was held in that case:

"1. In an action for personal injury where the jury determined that the negligence of the defendant was the sole proximate cause of the injury (even though plaintiff admittedly was guilty of negligence) and judgment was rendered upon such verdict, on appeal on questions of law alone, a Court of Appeals is without authority to reverse such judgment and to render judgment in favor of the defendant, where the evidence is such that reasonable minds could come to different conclusions upon the question of proximate cause."

Also, in *White* v. *Ohio Power Co.*, 171 Ohio St., 148, it was held:

"2. The negligence per se of a driver in double parking his vehicle in violation of a municipal ordinance is not as a matter of law the proximate cause of an accident occasioned when said vehicle is struck by a negligently operated second vehicle."

In our opinion, reasonable minds could easily differ on the question of proximate cause in the instant case.

Our conclusion is that the evidence adduced by the plaintiff was sufficient to raise issuable facts, to be determined by the jury; and that the trial court erred in finding, as a matter of law, that the defendant was not negligent and that the decedent was guilty of negligence proximately causing his injuries and death, and in withdrawing the case from the jury and rendering judgment for the defendant. The judgment is, therefore,

reversed and this cause is remanded to the Common Pleas Court for a new trial.

*Judgment reversed and cause remanded.*

McLAUGHLIN and RUTHERFORD, JJ., concur.

COLLIER, J., of the Fourth Appellate District, and McLAUGHLIN and RUTHERFORD, JJ., of the Fifth Appellate District, sitting by designation in the First Appellate District.