Zawlocki, Appellant, *v.* Houtz et al., Appellees.

[Cite as Zawlocki v. Houtz (1974), 40 Ohio App. 2d 118.]

(No. 13-73-13—Decided March 13, 1974.)

*Mr. Paul Wingart,* for appellant.
*Messrs. Marley & Marley,* for appellee.

GUERNSEY, P. J.   The basic facts of the incident from which this appeal has arisen are that defendant Houtz, while delivering a newspaper, stopped her car in front of plaintiff, and that plantiff while stopping his car behind her received injuries when a third car in the same lane of traffic collided with the rear end of plaintiff's car, the third car then colliding with a car traveling in the opposite direction in the opposing lane of traffic. Plaintiff sued defendant Houtz on the theory that she was negligent in stopping in the manner which she did, that her negligence concurred with the negligence of the driver of the third car to cause his injuries, and that defendant Houtz, as well as the defendant newspaper publishing corporation and the defendant parent corporation of the publishing corporation, are jointly and severally liable with the driver of the third car for plaintiff's injuries. The three defendants each moved for summary judgment in their favor which motions were sustained by the court and judgment granted on the basis of the pleadings, interrogatories answered by plaintiff and on the affidavit filed by defendants, plaintiff not having filed any counter affidavits or other documents permitted under summary judgment procedure.

Plaintiff alleges as error "the action of the trial court in granting summary judgment in favor of three (3) defendants against the plaintiff * * * in that there existed a genuine issue of fact to be decided by a jury as to whether

or not the actions of defendant, Iona M. Houtz, was negligence, and if so, whether that negligence was a proximate cause of plaintiff's injury.''

On the hearing of this appeal appellant admitted that the alleged negligence of defendant Houtz could not be imputed to either of the corporate defendants so we will not give further consideration to them. The summary judgment in favor of defendant Houtz may stand only if it appears that she was entitled to judgment *as a matter of law* by reason of her lack of negligence or that, if negligent, her negligence was not a proximate cause of plaintiff's injuries.

Plaintiff's claim of negligence of defendant Houtz is based on the provisions of R. C. 4511.66, prescribing:

''Upon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, * * * upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles * * *.''

The appellant would apply both of the sentences quoted to the factual situation here. However, this court has held in the case of *Jones* v. *Wehri,* 118 Ohio App. 111, that in determining under R. C. 4511.66 whether an unobstructed portion of the highway opposite the standing vehicle is left for the free passage of other vehicles the definition of highway appearing in R. C. 4511.66, providing that highway ''means the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel,'' is applicable. It is obvious from the undisputed facts considered by the trial court that notwithstanding that the defendant Houtz might have been parked on some portion of the traveled highway a clear and unobstructed portion of that portion of the highway open to the use of the public as a thoroughfare for purposes of vehicular travel remained open. In our opinion such statute does not require that a clear and un-

obstructed portion of the highway remain open for the simultaneous passage of vehicles in both directions. We find plaintiff's claim of defendant Houtz's negligence in this respect without merit.

A violation of the remaining part of the statute prohibiting the stopping, parking or leaving of any vehicle upon the paved or main traveled part of the highway *if it is practicable* to stop, park or leave such vehicle off of the paved or main traveled part of the highway can not occur unless some portion of the defendant's car was stopped or parked on the paved or main traveled part of the highway. Such stopping or parking does not constitute negligence *per se*, because by using the emphasized phrase, "If it is practicable," the statute expresses a rule of conduct in general or abstract terms. *Lester* v. *John R. Jurgenson Company* (C. A. 6), 400 F. 2d 393.

The use of this phrase leaves to the fact finder the ascertainment and determination of the practicability of the defendant's acts and conduct under the proven conditions and circumstances unless the court must conclude that reasonable minds could arrive at only one conclusion in which case the court is permitted to arrive at the conclusion as a matter of law. Thus, the trial court here could not find the defendant free of negligence unless from the undisputed facts (1) reasonable minds must arrive at the single conclusion that the defendant Houtz stopped or parked her vehicle off of the paved or main traveled part of the highway or, if that conclusion could not exist, that (2) reasonable minds must arrive at the single conclusion that it was not practicable for her to stop or park off of the paved or main traveled part of the highway. Otherwise, these issues remained for the jury or other fact finder and summary judgment would not lie.

What then were the facts bearing on these matters? There are no facts alleged in the complaint or answer, and admitted, bearing thereon. In the interrogatories when asked about the acts or omissions of defendant Houtz plaintiff replied:

"She was partially parked on a State Highway, ob-

structing my passage due to oncoming traffic from opposite direction. * * *"

When asked to describe in detail how the accident occurred he replied:

"On Jan. 20, 1971 at 5:15 P. M. I was travelling south on U. S. 12 from Bettsville toward Fostoria, Ohio. A woman in the car ahead of me (later identified as Iona M. Houtz) was stopped partially on the road, delivering a paper. As I was slowing down to stop, the car behind me struck my auto in the rear. * * * In spite of the rear end collision to my car, I did not hit the car ahead of me, even though the car of Iona M. Houtz left the mailbox (or what I thought was the mail box) and pulled onto the highway and was proceeding South. At the time the car struck me from the rear, the car of Iona M. Houtz was directly in front of me on the highway, starting its forward motion at a slow speed forward. * * * "

In her affidavit filed in support of her motion for summary judgment the defendant Houtz stated:

"That on January 20, 1971, she was driving * * * in a westerly direction on and along State Route 12 * * * ; that * * * she pulled off of the right side of said road in order to place a newspaper in a box provided for said purpose; that, when this defendant slowed her automobile and pulled over to the right side, plaintiff slowed his automobile in compliance with the signal given by this defendant and, an automobile * * * which was following plaintiff's automobile did not slow * * * and collided with the automobile driven by plaintiff.

" * * * .

" * * * that she was self-employed, engaged in the distribution of newspapers * * * which she was engaged in doing at the time said collison occurred."

Even assuming that defendant's statement that "she pulled off of the right side of said road to place a newspaper in a box provided for said purpose" is capable of an interpretation that she pulled her car completely off the paved or main traveled part of the highway, since the plaintiff asserts in his answers to the interrogatories that

"she was partially parked on a State Highway" and that she "was stopped partially on the road, delivering a paper," and these statements were buttressed by undisputed statements as to plaintiff's attempt to stop behind her because he could not pass her, reasonable minds could arrive at different conclusions as to whether defendant's vehicle was stopped or parked completely off of the paved or main traveled part of the highway and the trial court could not determine this issue as a matter of law.

Assuming then that some part of defendant's car was stopped or parked on the paved or main traveled part of the highway could the trial court find as a matter of law that it was not practicable for her to stop or park off the paved or main traveled part of the highway? Except for the portions of the interrogatories and defendant's affidavit hereinbefore quoted there was nothing in the record before the trial court (or this court) relating in any way to practicability. It will be observed that the quoted matters indicate that defendant was delivering a newspaper into a box along side the road, but there are no measurements and no physical facts from which it could appear that it was not practicable for her to stop or park completely off the paved or main traveled part of the highway. Thus the undisputed facts were insufficient for the trial court to be required or permitted to conclude as a matter of law that it was not practicable for her to do so.

The trial court was thus barred from arriving at the ultimate conclusion that as a matter of law defendant was free from negligence. In this situation it could find defendant free from liability only if, on assuming defendant's negligence, it could conclude as a matter of law that that negligence was not a proximate cause of plaintiff's injuries. Proximate cause is ordinarily a question for the trier of fact and it is only in those situations where reasonable minds could not differ as to the matter of proximate cause because circumstances clearly indicate an obvious cause and effect relationship that the issue of proximate cause may be determined as a matter of law. *Bird* v. *Hart*, 2 Ohio St. 2d 9, and *Ornella* v. *Robertson*, 14 Ohio St. 2d 144.

To the degree that the facts here were before the trial court and thus before this court they would permit reasonable inferences that the plaintiff was free from negligence, that the driver of the car behind plaintiff was negligent by being in violation of the assured clear distance ahead statute, and that but for the negligence of the defendant Houtz in stopping or parking the collision would never have occurred. See also *Pugh* v. *Akron-Chicago Transportation Co.*, 32 Ohio Law Abs. 159 (affirmed 137 Ohio St. 164). In these circumstances the conclusion that defendant's negligence was *not* the proximate cause of plaintiff's injuries could not be drawn as a matter of law.

We must conclude, therefore, that on the facts before the trial court on the motion for summary judgment of defendant Houtz there remained genuine issues as to the fact of defendant's negligence and as to the fact, if she was negligent, of whether such negligence was the proximate cause of plaintiff's injuries and it does not appear that defendant Houtz was entitled to judgment as a matter of law. The judgment in her favor is reversed and vacated and the judgment in favor of the corporate defendants is affirmed.

*Judgment accordingly.*

COLE and MILLER, JJ., concur.