OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Tonya R. Purcell, from a summary judgment granted by the Franklin County Court of Common Pleas in favor of defendants-appellees, Gerald F. Norris, Sr. (individually "Norris"), and United Masonry.
 {¶ 2} This action arose out of an automobile collision, on September 10, 2001, involving a vehicle driven by appellant and a vehicle operated by Norris, a partner of appellee United Masonry. On that date, at approximately 8:00 a.m., Norris was driving a 1999 Chevrolet 3500 truck, which was towing a cement mixer. Norris' son, Gerald F. Norris, Jr., was riding in the front passenger seat of his father's truck. Norris was heading eastbound on U.S. Route 40 when the truck began misfiring. He pulled over to the right side of the road and stopped the engine.
 {¶ 3} At that time, appellant was driving a 1997 Isuzu Rodeo eastbound on U.S. Route 40; her daughter, Chandra Ramey, was a front seat passenger. Shortly after Norris pulled his vehicle over to the side of the road, appellant's Rodeo struck the rear left corner of Norris' truck. The collision caused extensive damage to the passenger side of appellant's vehicle, and appellant's daughter was transported to Children's Hospital for treatment. The investigating police officer cited Norris for violating R.C. 4511.66, prohibiting parking on a highway. Appellant was not cited for any traffic violations at the scene of the accident.
 {¶ 4} On August 22, 2003, appellant, as mother and guardian of Chandra, filed a complaint against appellees, alleging that Norris' negligence resulted in injuries to her and her daughter. Appellant filed an amended complaint on November 5, 2003. Appellees subsequently filed an answer and counterclaim.
 {¶ 5} On May 28, 2004, appellees filed a motion for summary judgment against appellant. Attached to the motion was the affidavit of Norris' son, Gerald F. Norris, Jr., who averred that, just prior to the collision, his father pulled off onto the grassy, right-hand side of the roadway, came to a stop, and checked his mirrors to make sure both the truck and cement mixer were completely off the road, and then turned the key off; further, approximately 10 to 15 seconds elapsed between the time his father stopped the truck and when appellant's vehicle struck the rear of the truck.
 {¶ 6} On July 30, 2004, appellant filed a memorandum contra appellees' motion for summary judgment. Attached to the memorandum was the affidavit of appellant, who stated she did "not recall seeing the 1999 Chevrolet 3500 truck before the collision." (Appellant affidavit, at ¶ 11.) Appellant further averred that "[a]t no point prior to the collision, during the collision or subsequent to the collision did the Rodeo leave the paved portion of the right-hand (slow) lane of eastbound Broad St.," nor did the Rodeo travel in the grass area adjacent to the paved portion of the right-hand lane. (Appellant affidavit, at ¶ 8.) On August 20, 2004, appellees filed a reply memorandum.
 {¶ 7} By decision filed on November 8, 2004, the trial court rendered summary judgment in favor of appellees. The trial court found that the uncontroverted evidence indicated the vehicle driven by Norris was completely off the road prior to the accident, and that there was no issue of fact as to whether Norris violated any duty of care.
 {¶ 8} On appeal, appellant sets forth the following single assignment of error for review:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES WHEN GENUINE ISSUES OF MATERIAL FACT REMAIN.
 {¶ 9} This court's review of a trial court's granting of a motion for summary judgment is de novo. Duckworth v. Burger KingCorp., 159 Ohio App.3d 540, 2005-Ohio-294, at ¶ 9. Pursuant to Civ.R. 56(C), prior to granting summary judgment, a court must determine that: (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) in viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} Appellant first challenges the trial court's finding that no genuine issue of material fact existed as to whether Norris' vehicle was completely off the road prior to the accident. Appellant cites her affidavit, in which she averred that her vehicle did not leave the paved portion of the roadway at any time prior to, during, or after the collision. Appellant argues that the trial court erred in not considering her affidavit based upon the court's determination that the affidavit contradicted her deposition testimony. Appellant further contends that photographs depicting the final resting place of the Rodeo support the contention that her vehicle never left the paved portion of the highway.
 {¶ 11} In finding uncontroverted evidence that Norris' vehicle was completely off the road prior to the accident, the trial court noted Norris' deposition testimony in which he stated that all of the wheels of his truck were off the road in the grassy area. Specifically, Norris stated in part: "I was off the roadway. I was off the berm. I was off the gravel. I was in the grass." (Norris depo., at 19.) The trial court also referenced appellant's deposition testimony, in which she acknowledged that, prior to impact, she did not recall observing Norris' vehicle. The trial court, citing case law that a party cannot use an affidavit that contradicts his or her deposition testimony to create a genuine issue of material fact, concluded that appellant's affidavit statement, in which she averred that her vehicle at no time left the paved portion of the highway, contradicted her prior deposition testimony.
 {¶ 12} As observed by the trial court, under Ohio law, when a party has given clear answers to unambiguous questions that negate the existence of any genuine issues of material fact, such party may not thereafter create an issue of fact with an affidavit that merely contradicts, without explanation, previously clear testimony. See Medina v. Harold J. Becker Co.,Inc., 163 Ohio App.3d 832, 2005-Ohio-5438, at ¶ 24. However, an affidavit does not contradict a deposition if it explains, supplements or clarifies the earlier testimony, and such affidavit testimony can be considered to create genuine issues of material fact sufficient to defeat a motion for summary judgment. Id. at ¶ 27.
 {¶ 13} Upon reviewing the affidavit and deposition testimony in a light most favorable to appellant, we conclude, contrary to the trial court's holding, that appellant's affidavit statement that her vehicle did not leave the highway at any time does not contradict deposition testimony that she did not see Norris' truck prior to the collision. In this regard, we note that appellant was never asked during her deposition about the location of her vehicle at the time of impact. Inasmuch as appellant's deposition testimony does not specifically address that issue, and the affidavit merely supplements the deposition testimony, we find no inconsistency.
 {¶ 14} Accordingly, we disagree with the trial court's determination on this issue, as well as the court's conclusion that the uncontroverted evidence indicates that Norris' vehicle was completely off the roadway and in the grass prior to the accident. Rather, in light of appellant's testimony that her vehicle never left the paved portion of the highway, we find there exists a genuine issue of material fact as to whether or not a portion of Norris' vehicle was on the traveled portion of the highway at the time of impact.
 {¶ 15} Appellees contend, however, that, even if there exists evidence to suggest that Norris' vehicle was partially in the lane of travel, appellant was negligent per se in failing to maintain an assured clear distance. Appellees further maintain that such negligence on the part of appellant was the sole and proximate cause of the accident.
 {¶ 16} Ohio's assured clear distance statute, R.C.4511.21(A), provides in part that "no person shall drive any motor vehicle * * * upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." As noted by appellees, a violation of Ohio's assured clear distance statute constitutes negligence per se. Watson v. Midwestern Indem. Co. (May 4, 1998), Clermont App. No. CA97-07-062. A motorist violates the assured clear distance statute, and, therefore, is negligent per se, when that motorist "collides with an object that: (1) was ahead of the motorist in the motorist's path of travel; (2) was stationary or moving in the same direction as the motorist; (3) did not suddenly appear in the motorist's path; and (4) was reasonably discernible." Id. Finally, "[c]ases involving the assured clear distance statute `require evaluation of the conduct of the driver in light of the facts surrounding the collision.'" Id.
 {¶ 17} In the present case, construing the evidence most strongly in favor of appellant, and accepting her contention that a portion of Norris' vehicle was on the traveled portion of the highway, it is undisputed that Norris' vehicle was ahead of appellant's path of travel, was stationary in the same direction as appellant, and did not suddenly appear in appellant's path.
 {¶ 18} Appellant maintains there is a genuine issue of fact as to the fourth factor, i.e., whether Norris' vehicle was reasonably discernible. The Ohio Supreme Court, however, has held that "[a]n automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." Smiddy v. Wedding Party, Inc. (1987),30 Ohio St.3d 35, paragraph two of the syllabus.
 {¶ 19} In the instant case, it is undisputed that the accident took place during daylight hours, the weather conditions were clear and sunny, and the accident occurred on a straight section of highway. Appellant argues, however, that sun glare that day constituted an extraordinary weather condition. We disagree. As noted by the court in Pleimann v. Coots, Greene App. No. 2002-CA-54, 2003-Ohio-316, at ¶ 17:
Sun glare is a common condition. It is also not something that suddenly arises. As has been previously stressed, "`[n]either bends nor twists in the highway, crests in the road, dim lights, fog, sleet, rain, or blinding lights of approaching motor vehicles will excuse * * * [a driver] from the duty to drive so that he can stop his vehicle within that assured clear distance ahead.'" Roszman v. Sammet (1969), 20 Ohio App.2d 255, 258,254 N.E.2d 51, reversed on other grounds (1971), 26 Ohio St.2d 94,269 N.E.2d 420. Instead, the driver of an automobile has a duty to "stop his machine whenever he is so blinded as to be unable to see the way in front of him." Parnell v. Bell (1962),117 Ohio App. 125, 129-30, 191 N.E.2d 220.
 {¶ 20} Although the violation of the assured clear distance statute constitutes negligence per se, a finding of negligence is not equivalent to a finding of liability. Traver v. Young (Jan. 14, 2000), Lucas App. No. L-98-1390. Rather, "[s]uch a finding does not preclude a driver from raising any applicable defenses, including comparative negligence and proximate cause." Id. See, also, Smiddy, supra, at 40 (although plaintiff's decedent was negligent per se for violating assured clear distance rule, "such holding does not mean that his negligence was the sole proximate cause, or even a proximate cause, of the collision that resulted in his death" where issues of fact remained as to whether defendant violated R.C. 4511.66).
 {¶ 21} In general, "[i]ssues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion." Piper v.McMillan (1999), 134 Ohio App.3d 180, 193. Similarly, proximate cause is ordinarily a question for the trier of fact, and only in situations where reasonable minds could not differ as to the matter of proximate cause due to circumstances indicating an obvious cause and effect relationship may the issue of proximate cause be determined as a matter of law. Zawlocki v. Houtz
(1974), 40 Ohio App.2d 118, 123.
 {¶ 22} In the present case, appellant argues that the trial court erred in depriving the trier of fact the opportunity to determine whether Norris violated a duty of care by parking his truck on the highway, in violation of R.C. 4511.66. Appellant maintains that genuine issues of fact remain as to whether Norris was negligent in violating that statute and whether such negligence was the proximate cause of the accident.
 {¶ 23} R.C. 4511.66(A) provides:
Upon any highway * * * no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.
This section does not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position.
 {¶ 24} The Ohio Supreme Court, in interpreting R.C. 4511.66, has held that the statute "does not provide for an absolute prohibition against stopping, parking, or leaving a vehicle standing on the traveled portion of a highway. Rather, doing so is prohibited only if it is practicable to stop, park, or leave the vehicle off the traveled portion of the highway." (Emphasis sic.) Smiddy, supra, at 38. Furthermore, "the statute exculpates the driver if it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position." (Emphasis sic.) Id. Thus, "negligence does not automatically follow from the fact that a disabled vehicle is stopped on the traveled portion of a highway." Id.
 {¶ 25} The evidence in this case indicates that Norris' vehicle was not disabled. Rather, while the engine was hesitating and sputtering, Norris was able to pull over to the side of the road. During his deposition, Norris testified as follows:
Q. * * * You pulled off as far as you needed to pull off under power, and then you actually parked the truck and turned it off?
A. I could have started the truck back up.
Q. Okay.
A. But if that was the case, what was going on, I don't want to get any — anything in my jets to clog up my jets.
Q. And at the time that you turned the truck off, could you have moved forward? Could you have moved over?
A. Yes.
Q. Okay. You still had power to it at the time?
A. Yes. I could have started the truck up.
(Norris depo., at 31.)
 {¶ 26} We have previously concluded that a genuine issue of fact remains as to whether Norris' vehicle was pulled completely off the traveled portion of the highway or extended partially into the traveled portion at the time of the collision. Based upon the testimony and exhibits submitted, and considering the evidence in a light most favorable to appellant, genuine issues of material fact also remain regarding whether Norris' actions, assuming he was stopped or parked on a portion of the highway, constituted a violation of R.C. 4511.66; specifically, issues of fact exist as to whether or not it was practicable for Norris to park off the paved or main traveled portion of the highway, and whether he violated a duty of care owed to appellant "by `failing to do what a reasonably prudent person would have done under the circumstances.'" Pleimann, at ¶ 30, quoting Smiddy, at 38. Here, reasonable minds could reach different conclusions regarding whether Norris was negligent and, if so, whether such negligence was a proximate cause of the accident.
 {¶ 27} Accordingly, we find that resolution of the above factual matters should not have been disposed of through summary judgment and that reasonable minds could differ on the issues of comparative negligence and proximate cause. See Pleimann, supra (although plaintiff was negligent per se, in violating assured clear distance statute, evidence that defendant may have violated R.C. 4511.66 created issue of fact as to whether the accident was proximately caused by plaintiff's negligence or defendant's alleged negligence, and issues should have been submitted to jury instead of being decided by summary judgment); Murray v. ROCLakeside, Inc. (Feb. 18, 1999), Cuyahoga App. No. 75091 (issue of fact remained where, despite evidence that plaintiff violated assured clear distance statute, reasonable minds could conclude that defendant was also negligent in failing, pursuant to R.C.4511.66, to bring his van to a stop off the traveled portion of the highway on the inside berm).
 {¶ 28} Based upon the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
Klatt, P.J., and Sadler, J., concur.