[Cite as *Hollingshead v. Utility Solutions of Ohio, Inc.*, 2021-Ohio-3151.]

HoCOURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BAILEE HOLLINGSHEAD, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| UTILITY SOLUTIONS OF OHIO, INC., et al., | : | Case No. 2020 CA 0081 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
                            Court of Common Pleas, Case No.
                            19-CV-0058

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           September 9, 2021

APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees

JACOB J. BEAUSAY                        HEATHER R. ZILKA
Beausay & Nichols Law Firm              Pelini, Campbell & Williams LLC
7650 Rivers Edge Dr., Suite 150         5880 Innovation Drive
Columbus, Ohio 43235                    Dublin, Ohio 43016

*Baldwin, J.*

{¶1} Plaintiff-appellant Bailee Hollingshead appeals from the November 17, 2020 Judgment Entry of the Licking County Court of Common Pleas granting summary judgment in favor of defendants-appellees.

STATEMENT OF THE FACTS AND CASE

{¶2} On the morning of September 18, 2015, appellant Bailee Hollingshead was traveling eastbound on County Road 34, a two-lane road in Licking County Ohio at approximately 8:45 a.m. on her way to work. The road is also known as Blacks Road SW. Appellant was familiar with the route and drove it often. She was on time for work and was not in a hurry.

{¶3} As appellant traveled eastbound, she encountered a slight incline in the road. Appellant, during her deposition, testified that as she came over the incline, her vision was blinded by sunlight and she reached for her sunglasses. She testified that they were out of reach so she reached for the sun visor. Appellant then struck a vehicle owned by appellee Utility Solutions of Ohio. She testified that, prior to the collision, she did not see the vehicle or any warning signs regarding a vehicle parked in her lane of travel.

{¶4} Shortly before the collision, appellee William Myers, the driver of the vehicle owned by appellee Utility Solutions of Ohio, had stopped the truck and trailer to unload the equipment from the trailer for work to be performed on the north side of the roadway. Appellee William Myers and appellee Andrew Norris were in the area to install a service line for a private customer. Appellee Andrew Norris, in his affidavit, stated that he had placed cones behind the trailer of the vehicle, a utility work ahead sign on the both the north and the south sides of the roadway approximately 300 to 500 feet behind where the

vehicle was parked, and that lights on the vehicle/trailer were also activated by appellee William Myer prior to the accident. The lights included hazards on the truck/trailer and strobe/beacon lights. Once the equipment was unloaded, the vehicle/trailer was going to be moved from the roadway to a parking lot in Outville. It was estimated that it would take approximately 20 to 30 minutes to unload the equipment.

{¶5} On January 16, 2019, appellant filed a complaint against appellees Utility Solutions of Ohio, Inc. and William Myers and Andrew Norris, as employees, agents or apparent agents of appellee Utility Solutions of Ohio, Inc. Appellant, in her complaint, alleged that the vehicle owned by appellee Utility Solutions of Ohio, Inc. and operated by appellees William Myers and Andrew Norris was negligently parked in her lane of travel or was in violation of the law in being parked in her lane of travel. Appellees filed an answer on February 25, 2019. Appellees, in their answer, alleged, in part, that appellant was comparatively negligent.

{¶6} Thereafter, on August 28, 2020, appellees filed a Motion for Summary Judgment. They filed a supplement to their Motion for Summary Judgment on September 18, 2020. Appellant filed a memorandum in opposition to the Motion for Summary Judgment on October 6, 2020.

{¶7} Appellees, on October 23, 2020, filed a Motion to Strike the affidavit of appellant's counsel, portions of appellant's affidavit and unsupported facts submitted by appellant in her memorandum in opposition to the Motion for Summary Judgment. On the same date, appellees filed a reply memorandum in support of their Motion for Summary Judgment. Appellant filed a memorandum in opposition to the Motion to Strike on November 6, 2020 and appellees filed a reply.

{¶8} Pursuant to a Judgment Entry filed on November 17, 2020, the trial court granted the Motion to Strike and the Motion for Summary Judgment.

{¶9} Appellant now appeals, raising the following assignments of error on appeal:

{¶10} "I. THE TRIAL COURT ERRED IN STRIKING PORTIONS OF BAILEE HOLLINGSHEAD'S AFFIDAVIT, STRIKING THE OHIO STATE HIGHWAY PATROL TRAFFIC CRASH REPORT AND THE UTILITY SOLUTIONS OF OHIO TRAINING MATERIAL."

{¶11} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING WHETHER APPELLEES' VEHICLE WAS REASONABLE (SIC) DISCERNABLE."

{¶12} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING WHETHER APPELLEES' CONDUCT WAS NEGLIGENT."

{¶13} "IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING PROXIMATE CASE."

I

{¶14} Appellant, in her first assignment of error argues that the trial court erred in granting the Motion to Strike. We disagree.

{¶15} Appellant argues, in part, that the trial court erred in striking portions of her affidavit. The decision to grant or deny a motion to strike an affidavit lies within the broad discretion of the trial court. *Bosky Group, LLC v. Columbus & Ohio River RR. Co.*, 5th

Dist. Muskingum No. CT2017-0027, 2017-Ohio-8292, ¶42. Again, the abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶16}** In Ohio, a moving party's contradictory affidavit cannot be used to obtain a summary judgment. *See White v. Toledo*, 6th Dist. Lucas No. L-15-1076, 2015-Ohio-3667, ¶ 11, citing *Bryd v. Smith,* 110 Ohio St.3d 24, 850 N.E.2d 47, 2006–Ohio–3455, ¶ 22 (additional citation omitted). Simply put, a summary judgment movant may not benefit from changing a deposition with a later sworn statement. *See Johnston v. Cochran*, 10th Dist. Franklin No. 06AP-1065, 2007-Ohio-4408, ¶ 18. A trial court "must consider whether the affidavit contradicts or merely supplements the deposition [testimony]." *Byrd* at ¶ 26.

**{¶17}** Appellees moved to strike portions of appellant's affidavit pursuant to Civ.R. 12(F) on the basis that the portions conflicted with her deposition testimony. Appellees specifically sought to strike paragraphs 9, 10, 11, 12, 14, 15 and 16 of the same. Appellant, in the relevant portions of her affidavit, specifically stated as follows:

**{¶18}** 9. At the same time, I struck a vehicle owned by Utility Solutions of Ohio that was parked entirely in my lane of travel.

**{¶19}** 10. Prior to the collision with the Utility Solutions of Ohio vehicle, I did not see any warning signs regarding a vehicle parked in my lane of travel ahead.

**{¶20}** 11. In my experience travelling on County Road 34, construction companies ordinarily place warning signs at the base of the hill for eastbound drivers. There were no warning signs in that area on September 18, 2015.

{¶21} 12. Further, I did not see the vehicle and trailer ahead of me because it was parked beyond the crest of the hill in the road…

{¶22} 14. I did not take any evasive action prior to colliding with the Utility Solutions of Ohio trailer because I did not see it. The view of it was obstructed by where it was parked in relation to the rise in the road, its position related to the rising sun and the fact that there were no warning signs before the rise in the road.

{¶23} 15. Just prior to the collision, I was traveling between 45-50mph.

{¶24} 16. If I had seen the Utility Solutions of Ohio vehicle and trailer or had appropriate warning, I was traveling at a speed appropriate to change lanes and go around it, or stop and wait to pass it.

{¶25} Appellant, during her deposition, testified as follows when asked about her recollection of the accident and the moments leading up to the collision:

{¶26} I had gotten in the car. And from where we live between the hills, I noticed that the sun was very bright on the other side of the trees; and had pulled out, made a right from Ford Avenue onto Blacks Road, and came over the first hill. As I came over the first hill is when my vision was blinded by the sunlight.

{¶27} I reached for my sunglasses. They were out of reach. Instead, I lifted my right arm to reach for the sun visor. And that is the last thing I remember before regaining consciousness.

{¶28} Appellant's deposition at 52.

{¶29} We concur with the trial court that it is undisputed that appellant did not regain consciousness until after the accident. In contrast to her deposition testimony, appellant, in her affidavit, stated about the period of time after she reached for the sun

visor and before she hit appellees' vehicle. As noted by the trail court, "[i]f plaintiff has no memory after coming over the first hill and reaching for items in her car, she has no personal knowledge of the moments after this point." We agree that appellant's statements in paragraphs 9, 10, 11, 12, 14, 15 and 16 contradict her deposition testimony and find that the trial court did not err in granting the motion to strike such paragraphs.

{¶30} Appellant also contends that the trial court erred in striking the Ohio State Highway Patrol crash report and appellee Utility Solutions of Ohio, Inc.'s training materials which were attached to the affidavit of appellant's counsel. Appellant's attorney, in his affidavit, stated that his knowledge of such documents was based upon his receipt of the same in the course of discovery.

{¶31} Pursuant to Civ.R. 56(E), affidavits submitted in support of and opposition to summary judgment must be "made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated in the affidavit." Information in affidavits that is not based upon such personal knowledge and which does not fall within any of the permissible exceptions to the hearsay rule may be properly disregarded by the trial court. *Cincinnati Ins. Co. v. Thompson & Ward Leasing Co.,* 158 Ohio App.3d 369, 374, 2004-Ohio-3972, ¶ 13, citing *Pond v. Carey Corp.* (1986), 34 Ohio App.3d 109, 111.

{¶32} Because the attorney offered no other evidence of his personal knowledge of either document, we find that the trial court did not err in striking the affidavit and attached documents. Moreover, while appellant's attorney, in his affidavit, asked the trial court to take judicial notice of the affidavits of appellees William Myers and Andrew Norris due to their unavailability at the time appellant filed a response to the Motion for

Summary Judgment, appellant filed their deposition transcripts on November 4, 2020. We concur with the trial court that the request was, therefore, moot.

**{¶33}** Appellant's first assignment of error is, therefore, overruled.

## II, III, IV

**{¶34}** Appellant, in her second, third and fourth assignments of error, contends that the trial court erred in granting summary judgment in favor of appellees. We disagree.

**{¶35}** We refer to Civ.R. 56(C) in reviewing a motion for summary judgment. The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292,1996-Ohio-107, 662 N.E.2d 264. The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**{¶36}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164), citing *Dresher , supra*.

**{¶37}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

**{¶38}** Appellees, in the case sub judice, maintains that appellant violated the assured clear distance ahead statute, R.C. 4511.21(A).

**{¶39}** Appellant first argues that whether or not she violated R.C. 4511.21 is an issue of material fact. R.C. 4511.21(A) states:

> No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

**{¶40}** "Ohio case law has consistently held that a person violates the assured clear distance ahead statute if 'there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.' "*Pond v. Leslein,* 72 Ohio St.3d 50, 52, 647 N.E.2d 477, 1995-Ohio-193, quoting *Blair v. Goff-Kirby Co.* 49 Ohio St.2d 5, 7, 358 N.E.2d 634 (1976). "[A]n automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." *Smiddy supra.* paragraph two of the syllabus.

**{¶41}** The evidence shows that appellee' vehicle was ahead of appellant in her lane of travel, was stationary, and did not suddenly appear in plaintiff's path. There is no dispute that the accident occurred during daylight hours. Appellant alleges, in part, that

the truck and trailer were not reasonably discernible because of sun glare However, sun glare is not an extraordinary condition. "[S]un glare is something any driver faces at certain times on sunny days when the road is angled directly east or west. * * * If drivers are excused under these circumstances, no driver would have to exercise reasonable care." *Pleimann v. Coots,* Greene App. No.2002-CA-54, 2003-Ohio-316 at paragraph 15. The driver of an automobile has a duty to "stop his machine whenever he is so blinded as to be unable to see the way in front of him." *Pleimann,* supra, at paragraph 17, quoting *Parnell v. Bell*, 117 Ohio App. 125, 129-130, 191 N.E.2d 220 (1st Dist. 1962).

{¶42} Appellant also argues that the location of appellees' truck affected its discernibility. Appellant contends that the truck and trailer were parked just over a rise in the road after a hill. Appellee Tyler Phipps, a Utility Solutions of Ohio supervisor, in his affidavit, stated, in relevant part, as follows:

{¶43} 16. The information I have reviewed shows three utility poles Plaintiff would have passed along the north side of the roadway from the crest of the hill until reaching the location of the accident. The Utility Services' vehicle would have been stopped about halfway between the third utility pole and the next pole ahead.

{¶44} 17. While at the scene of the accident, I observed the crest of a hill, which Plaintiff would have traveled over as she was approaching the area where the Utility Solutions' vehicle was stopped, and estimated the crest of the hill was approximately 500 to 800 feet from where the Utility Solutions' vehicle was stopped.

{¶45} 18. I have based this estimate on viewing the area when I went out to the scene; my video of the area looking back from the location of the accident; by viewing

photographs taken by the Ohio State Highway Patrol; and by viewing the video of the route which would have been driven by Plaintiff before she hit the rear of the trailer.

**{¶46}** 19. Additionally, utility poles in rural areas, as opposed to urban areas, on average, are usually approximately 300 feet apart depending upon the terrain. I have used this information and the number of utility poles in assisting the distance from the crest of the hill to where the Utility Services' vehicle was stopped.

**{¶47}** Appellee William Myers, the driver of the vehicle, in his affidavit, stated that he stopped the truck and trailer "far enough from the crest of the hill behind us on a flat portion of the roadway so that vehicles had enough time after cresting the hill to see the signs, cones and/or trailer/truck, plus any lights on the trailer/truck." He further estimated that he had "stopped approximately 800 feet from the crest of the hill, which was behind our vehicle" and that after the truck/trailer was stopped, appellee Andrew Norris placed cones behind the truck/trailer, a utility work ahead sign on the south side of the road behind where the vehicle was stopped and a utility work ahead sign on the north side of the road in front of where the vehicle was stopped. Appellee Myers stated that he activated lights on the vehicle/trailer.

**{¶48}** Appellee Andrew Norris, in his affidavit, stated, in relevant part, as follows:

**{¶49}** 5. After our vehicle was stopped and prior to the accident, I placed cones behind the trailer of the vehicle, a utility work ahead sign on the south side of the roadway approximately 300 to 500 feet behind where the vehicle was parked, and a utility work ahead sign on the north side of the roadway approximately 300 to 500 feet in front of where the vehicle was parked. Lights on the vehicle/trailer were also activated by William Myers prior to the accident.

{¶50} 6. As shown in the photos taken by the Ohio State Highway Patrol, the utility work ahead sign was placed behind the vehicle/trailer on the south side of the roadway near a white sign for "Riding Lessons". (See photo attached hereto as Defendant's Exhibit E-1)

{¶51} 7. I placed the sign off the south side of the roadway behind where the truck/trailer was parked in a location which I believed would be visible to anyone coming over the crest of the hill.

{¶52} 8. The sign was placed at a distance from the crest of the hill to provide any driver the opportunity to view the sign and still a significant distance from the back of the trailer. (See photos from the Ohio State Highway Patrol attached hereto as Defendants' Exhibits E-1 to E-11)

{¶53} 9. There was nothing obstructing anyone's ability to see the Utility Solutions' vehicle and trailer from either direction on the roadway.

{¶54} Appellant has failed to produce any evidence that refuting the above or corroborating her version of the location of appellee's vehicle. As is stated above, there was evidence that the truck was 500 to 800 feet beyond the crest of the second hill and that other vehicles had passed without incident. During her deposition, she admitted that she had no recollection after the first hill. We find, therefore, that appellant has failed to create a genuine issue of material fact as to whether or not appellees' vehicle was reasonably discernible. We find that reasonable minds could only conclude that appellant violated the assured clear distance ahead statute, R.C. 4511.21(A).

**{¶55}** However, appellant further asserts that appellees' conduct was negligent because appellees violated R.C. 4511.66 and that such negligence was a proximate cause of the collision.

**{¶56}** R.C. 4511. 66 states, in relevant part, as follows:

(A) Upon any highway outside a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

**{¶57}** The record does not clearly demonstrate that appellees' vehicle was on a "highway outside a business or residence district" and therefore appellant has not established that R.C. 4511.66(A) even applies in this instance. Moreover, R.C. 4511.66(A) "is a highway safety statute" which "does not provide for an absolute prohibition against stopping, parking, or leaving a vehicle standing on the traveled portion of a highway." *Smiddy,* 30 Ohio St.3d at 37–38. Instead, one violates R.C. 4511.66(A) "only if it is practicable to stop, park, or leave the vehicle off the traveled portion of the highway." *Id.* at 38.

**{¶58}** William Myers, in his affidavit, stated that he stopped the truck/trailer to unload equipment from the trailer for work that they were performing on the north side of the roadway. He further stated that he had stopped far enough from the crest of the hill behind them on a flat portion of the roadway so that vehicle, after cresting the hill, had enough time to see the signs, cones and/or trailer/truck, plus any lights on the trailer/truck. He further stated that "[t]here was no other area available for the truck/trailer to be stopped in order for our equipment to be safely unloaded." We find that appellant has failed to produce evidence creating a genuine issue of material fact as to whether or not appellees' conduct was negligent and whether if so, any such negligence was a proximate cause of the collision.

**{¶59}** Appellants'' three assignments of error are, therefore, overruled.

**{¶60}** Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, P.J. Wise,

John J. concur.

Hoffman, J. concurs in part

and dissents in part.

*Hoffman, J., concurring in part, and dissenting in part*

{¶61} As to Appellant's first assignment of error, I concur in overruling the same as it pertains to striking the Ohio State Highway Patrol crash report and the training materials. The accident report is not self-authenticating and Appellant's attorney's affidavit was insufficient to provide such authentication. Furthermore, Appellant concedes the three observations of import the trooper noted in the report were largely corroborative of other testimony already in evidence. And, as to the training materials, they were not filed as an exhibit during the deposition of Norris or Myers, nor were they filed with the court reporter thereafter.[1] Merely receiving them pursuant to a discovery request does not render them automatically admissible.

{¶62} However, I respectfully dissent as to the majority's decision to overrule Appellant's first assignment of error as it pertains to striking portions of her affidavit. I do not find any direct contradictions therein with her deposition testimony.

{¶63} It is important to recognize the portion of County Road 34 discussed in both Appellant's deposition and affidavit described two different hills. The first is described as a steep incline and the second as a hill, but of smaller rise. It is at or just over the second rise the accident occurred.

{¶64} In her deposition Appellant stated the last thing she remembered after coming over the first hill and being blinded by the sun was reaching for the sun visor. I agree with the trial court according to her deposition testimony, she would have had no personal knowledge of the road conditions after this point.

---

[1] The trial court does acknowledge receipt and consideration of the Norris and Myers depositions prior to rendering its summary judgment decision though it inadvertently mischaracterized them as "affidavits" rather than "depositions".

**{¶65}** In paragraph number nine, Appellant states she struck Appellee's truck which was parked entirely in her lane of travel. Obviously Appellant did not know where Appellee's vehicle was parked at the time of the collision as she was blinded by the sunrise prior thereto. And as to timing, Appellant's deposition did not definitively establish the time frame between being blinded by the sun and the collision. But it is undisputed Appellant collided with Appellee's truck which was parked in her lane of travel. Appellant obviously became aware of such fact sometime after the collision. Though not fully developed or explained, I do not believe such statement clearly contradicts her deposition. Whether contradictory or not, the striking of this paragraph was harmless as the fact Appellee's vehicle was parked in her lane of travel was undisputed.

**{¶66}** In paragraph number ten, Appellant states she did not see any warning signs prior to the collision. That does not directly contradict her deposition testimony. Had she testified there were no warning signs after she crested the first hill, such would be contradictory. However, her per averment in the affidavit of not seeing any warning signs as she crested the first hill is not necessarily inconsistent with her not remembering anything after cresting the first hill. Yet I recognize such does not negate Appellees' direct evidence warning signs were in place. Not seeing any warning signs after crossing the first hill is not the same as affirmatively averring there were no warning signs thereafter before reaching the point the collision occurred.

**{¶67}** In paragraph number eleven, the first portion of Appellant's averment relates to her past experience in traveling County Road 34. Her past experience was warning signs were normally placed at the base of the hill. This first portion does not contradict her deposition testimony.

{¶68} The second portion affirmatively states there were no warning signs in the area of the base of the first hill. This is not necessarily contradictory with her not remembering anything after cresting that first hill.[2] Furthermore, any possible discrepancy or lack of clarity might well affect the Appellant's credibility as determined later by the trier-of-fact, but it is not appropriate to be decided on summary judgment.

{¶69} In paragraph number twelve, Appellant avers she did not see Appellee's vehicle because it was parked beyond the crest of the hill. It is not specifically clear as to which of the two hills she is referring, but in context it would appear she is referring to the second hill. As such, it would not directly contradict her statement of not remembering anything after reaching for the sun visor upon cresting the first hill because it was at that point she was blinded by the sun. Obviously had the Appellee's vehicle been parked below the crest of the first hill before Appellee was blinded by the sun, the accident would likely not have occurred. Again, it appears undisputed Appellee's vehicle was parked at, near, or just over the other side of the rise of the second hill.

{¶70} Though admittedly self-serving, I do not find paragraph number 14 directly contradicts her deposition testimony for the same reasons discussed above pertaining to paragraph number 12.[3]

{¶71} As to paragraph fifteen, I find no contradiction between Appellant's averment as to her speed prior to the collision and her deposition testimony. Appellees

---

[2] It would have been contradictory had she affirmatively stated there were no warning signs before the second rise or second hill.

[3] I disagree with the proposition a party's unsupported and self-serving assertions offered by way of affidavit, standing alone and without corroborating materials, are generally insufficient to demonstrate material issues of fact.

do not point to any contradictory testimony by Appellant during her deposition as to her stated speed.

{¶72} Finally, as to paragraph number sixteen, again though admittedly self-serving, I find Appellants averment does not directly contradict her deposition testimony. However, it is ultimately for the trier-of-fact to assess her credibility and to ultimately determine her degree of culpability, if any, in causing the collision. I note Appellees' answer specifically raises the issue of Appellant's comparative negligence.

{¶73} I also respectfully disagree with the majority's decision to overrule the reminder of Appellant's assignments of error.

{¶74} I begin by noting, in its discussion of Appellees' motion to strike portions of Appellant's affidavit, the trial court stated even if it had accepted the testimony in her affidavit, it would still be insufficient to prevent granting summary judgment to Appellees. (See, November 17, 2020 Judgment Entry at page 4). Despite any error which occurred in striking portions of Appellant's affidavit, I, too, find they are not determinative of the ultimate issue. However, unlike my colleagues and the trial court, when considering the other admitted evidence in the light most favorable to Appellant, I conclude reasonable minds could differ as to whether Appellees were responsible, at least in part, for the collision.

{¶75} Of most significance to me is the fact despite knowing the topography of the road (two separate hills) and recognizing the rising of the morning sun is a factor to take into account when parking their vehicle on the roadway (see Myers deposition, page 19), the decision was made to park the vehicle on the south side of the road where the rising sun was potentially a hazard, rather than on the north side of the road where the

equipment was to be eventually located after unloading from the truck, which would have avoided the need to move the equipment across the road. Such decision would not have exposed oncoming traffic traveling westbound to sun glare. This decision alone arguably constitutes negligence.

**{¶76}** Additionally, the failure to place a warning sign at the base of or somewhere before the crest of the first hill, before oncoming traffic would be subject to the sun glare, or even to post an employee to caution or control traffic knowing it would eventually be blocking one entire lane and later both lanes of the two-lane road, is arguably negligence.

**{¶77}** Where, exactly, was Appellant's vehicle when she reached for the sun visor? How long was it thereafter she struck the Appellee's vehicle? Was the placement of the warning cones[4] sufficient to give a motorist traveling 40-45 miles an hour adequate time to bring a vehicle to a stop, particularly given the light conditions? Is Appellees' reconstruction video upon which they had postulated a 20 second response theory reliable or built upon speculative assumptions?

---

[4] The stricken traffic crash report indicated the warning cones were approximately 240 feet from the collision site. Interestingly, Appellees cite the stricken report to rebut Appellant's "insinuations" about the cones being allegedly placed after the accident. (Appellee's brief at page 23).

{¶78} Even if Appellant may be found negligent per se for not having been able to stop her vehicle in the assured clear distance ahead, I find a reasonable trier of fact could also find the Appellees negligent. A comparative negligence analysis as to proximate cause should be left to the trier-of-fact and not resolved via summary judgment under the circumstances in this case.